## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **BARBARA MANNS**<br>    **Plaintiff,** | §<br>§<br>§ | |
| **v.** | §<br>§<br>§ | **C.A. NO.: 2:21-cv-70**<br>**JURY DEMAND** |
| **AAON COIL PRODUCTS, INC.**<br>    **Defendant.** | §<br>§<br>§<br>§ | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Barbara Manns ("Plaintiff") and complains of Defendant AAON Coil Products, Inc. (hereinafter referred to as "AAON") and for her cause of action would show the Court as follows:

## INTRODUCTION

1.      This action seeks economic and compensatory damages, liquidated damages, attorneys' fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of wrongful conduct in violation of the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of 1964 (42 U.S.C.§2000e, et seq.), as amended, and 42 U.S.C. §1981.

## PARTIES

2.      Plaintiff Barbara Manns is a resident of Gregg County, Texas.

3.      Defendant AAON Coil Products, Inc. is a Texas corporation and may be served with process via its registered agent for service, CT Corporation System, 1999 Bryan St. Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4.      This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in accordance with provisions prohibiting race discrimination and retaliation for participating in protected activity.   More specifically, this action seeks monetary damages, including mental anguish, and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of race and on account of retaliation for participating in activity protected under Title VII.

5.      Further, this is a civil action under the provisions of 42 U.S.C. §1981, as amended, in accordance with its provisions against racial discrimination involving the right to enter into contracts and other aspects of employment as enjoyed by other citizens of the United States.

6.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a), 28 U.S.C. § 1331, 42 U.S.C. § 2000(e) et seq., as amended and §704(a), 42 U.S.C. § 1981(a), as amended.

7.      This action lies in the United States District Court for the Eastern District of Texas, Marshall Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Gregg County, Texas.

## CONDITIONS PRECEDENT

8.      Plaintiff filed Charge # 450-2020-01968 with the EEOC alleging race discrimination and retaliation with the EEOC. Plaintiff's notice of "Right-to Sue" was issued (attached as Exhibit "A") and Plaintiff, thereafter, was able to file a lawsuit on her Title VII claims within 90 days of Plaintiff's receipt of her notice of right to sue from the EEOC. Consequently, all conditions precedent have been performed or have occurred.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

9.       Plaintiff, was an inventory clerk who was hired in August 2017, and was terminated approximately two years later, on January 3, 2020.

10.       Manns worked for the Defendant, AAON for about two years without any problems or discipline. Her job duties included picking up and delivering parts around the warehouse. It required her to be mobile.

11.       On or about December 23, 2019, Plaintiff sent an email to Elisa Flores in Human Resources and made her complaint that the Black workers were being treated differently and she wanted the discrimination to be addressed. Plaintiff claimed that the Lead in her department was treating the Black workers differently than the non-Black workers by giving the Black workers more work than the others.

12.       Plaintiff then went on vacation toward the end of December. On January 03, 2020, just ten days after she made the complaint of discrimination, she was discharged for being out of her work area. The allegation of being out of the work area occurred on December 27, 2020.

13.       On January 3, 2020, Plaintiff received a phone call from Emily Wood in HR and a member of management named Rebecca (LNU) in which they discharged Plaintiff for being out of her work area. Plaintiff alleges that she worked the day just like any other day. While the Plaintiff does have a desk area where she gets orders, much if not most of her day is picking up and delivering parts around the warehouse. Plaintiff alleges that her job requirements keep her from being at her desk area most of the day and December 27, 2019 was a routine day and she worked like she has for the past two years. Plaintiff alleges that the proffered reason for termination was a pretext for race discrimination on the part of AAON and in retaliation for her complaints of race discrimination in the workplace.

## CAUSES OF ACTION

## COUNT ONE - DISCRIMINATION
## AND RETALIATION UNDER TITLE VII

14.     The allegations contained in Paragraphs 1 through 14 inclusive are hereby incorporated by reference.

15.     Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant AAON. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

16.     Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

17.     Defendant AAON is an employer within the meaning of Title VII and the ADEA.

18.     Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect status as an employee, because of such individual's race, color, religion, sex, or national origin."

19.     Defendant intentionally discriminated against Plaintiff because of her race (African-American) in violation of Title VII by terminating her employment.   Defendant retaliated against Plaintiff for making a discrimination complaint, participating in a discrimination

investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment, and there is a causal connection between the making of the discrimination complaint, the opposition to the discriminatory practice and the adverse employment actions. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT TWO - DISCRIMINATION
## UNDER 42 U.S.C. § 1981

20.     The allegations contained in Paragraphs 1 through 19 are hereby incorporated by reference.

21.     Additionally, Defendant AAON's termination of Plaintiff's employment, on the basis of her race (African-American), violated Plaintiff's rights secured to Plaintiff under 42 U.S.C. §1981 to be free of discrimination in the making and enforcement of contracts.

22.     AAON's discrimination against Plaintiff was committed with malice and reckless indifference to the rights of Plaintiff and other racial minorities to "have the same right  … To make and enforce contracts … as is enjoyed by other citizens" and to the intent of the statute to protect victims from unequal treatment.

## DAMAGES

23.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct,

including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

24.     Defendant has intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff.   Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses. Because of Defendant's intentional discrimination against Plaintiff on the basis of her age, Plaintiff is entitled to liquidated damages.

## ATTORNEYS' FEES AND EXPERT FEES

25.     A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983 and 42 U.S.C. §1981.   Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.   Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## JURY DEMAND

26.     Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.    The Court assume jurisdiction of this cause;

2.    The Court award Plaintiff damages as specified above;

3.    The Court award Plaintiff reinstatement or, in the alternative, front pay.

4.    The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 phone/facsimile
bhommel@hommelfirm.com

ATTORNEY FOR PLAINTIFF